IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS EUGENE DUNN,**

                        **Plaintiff,**

                                                    CIVIL ACTION
        **vs.**                                        No. 05-3340-SAC

**JULIE MCDONNELL, et al.,**

                        **Defendants.**

### ORDER

    This matter is before the court on a civil complaint filed under 42 U.S.C. 1983 by a prisoner confined in the Montgomery County Jail in Independence, Kansas. Plaintiff seeks leave to proceed in forma pauperis in this action, pursuant to 28 U.S.C. 1915.

    As amended April 26, 1996, 28 U.S.C. 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined plaintiff's financial records for that relevant period, the court assesses an initial partial filing fee of $4.00, twenty percent of plaintiff's average monthly deposit, rounded to the lower half dollar.

    Additionally, because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on

which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b).

In his complaint, plaintiff seeks damages from the jail administrator and the Montgomery County Sheriff for their alleged discontinuance of plaintiff's prescribed depression medication (Prozac) in November 2004, and or the facility's refusal to provide this medication without charge.

To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  "A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs--if he knows of and disregards an excessive risk to inmate health or safety." Garrett v. Stratman, 254 F.3d 946, 949 (10th Cir. 2001)(internal quotation marks omitted).  The same constitutional standard applies if plaintiff is confined in the jail as a pretrial detainee. Estate of Hocker ex rel. Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir. 1994)(Due Process Clause in Fourteenth Amendment entitles pretrial detainees to same degree of protection against denial of medical care as that afforded convicted inmates under the Eighth Amendment).

Having reviewed the allegations in plaintiff's complaint, the court finds plaintiff's bare reference to the denial of necessary medication for an unknown duration, and plaintiff's bare claim of entitlement to prescribed medication without charge

notwithstanding his later uncontested jail payments for medication, are insufficient on their face to state a claim of any deliberate indifference to plaintiff's serious medical needs. Accordingly, absent supplementation of the complaint to provide additional information, the court finds the complaint is subject to being dismissed as stating no cognizable constitutional claim upon which relief can be granted under 42 U.S.C. 1983.  *See* 28 U.S.C. 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $4.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to supplement the complaint to avoid dismissal of the complaint pursuant to 28 U.S.C. 1915A(b)(1).

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 23rd day of August 2005 at Topeka, Kansas.

                                                  s/ Sam A. Crow
                                                  SAM A. CROW
                                                  U.S. Senior District Judge