IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**THOMAS EUGENE DUNN,**

                        **Plaintiff,**

                                                        CIVIL ACTION
        vs.                                                         No. 05-3340-SAC

**JULIE MCDONNELL, et al.,**

                        **Defendants.**

### ORDER

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. 1983 on August 12, 2005.  Plaintiff has paid the initial partial filing fee assessed by the court, 28 U.S.C. 1915(b)(1), and is granted leave to proceed in forma pauperis.[1]

In his complaint plaintiff alleges he was denied Prozac when he was confined in the Montgomery County Jail in Independence, Kansas, for an unspecified time starting in November 2004, and ending at some time prior to plaintiff's re-confinement in the county facility in February 2005.  Plaintiff seeks damages from the jail administrator and the county sheriff for their alleged deliberate indifference to his serious medical needs during that confinement.  By an order dated August 23, 2005, the court

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $250.00 in this civil action.  The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  *See* 28 U.S.C. 1915(b)(2).  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. 28 U.S.C. 1915A(b)(1). The court specifically noted the complaint did not identify the duration of plaintiff's confinement in the county facility. The court also directed plaintiff to clarify whether plaintiff was alleging the denial of specific medication, or only that plaintiff was required to pay for the medication he received.

In response (Docs. 5 and 6), plaintiff reiterates that Prozac is a serious medication necessary to treat his chronic depression and psychological needs. The undated administrative grievance submitted by plaintiff, however, questions only the sheriff's policy on whether such medication will be provided without cost. In a second grievance dated August 31, 2005, plaintiff seeks the return of funds he paid for blood pressure medication between May 23 and July 7, 2005.[2]

To allege a valid claim under 42 U.S.C. 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). To state a cognizable claim for relief based on the alleged denial of medical treatment, plaintiff must sufficiently allege that defendants' conduct constituted deliberate indifference to plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To any extent plaintiff is confined in the county jail as a pre-trial detainee, the same standard applies to his claim of constitutional deprivation. See Estate of Hocker by Hocker v. Walsh, 22 F.3d 995, 998 (10th Cir.

---

[2]These allegations concern different medication and a different period of confinement. Nonetheless they highlight plaintiff's administrative claims as directed to the cost imposed for his medication, and not the denial of such medication.

2

1994)(pretrial detainee's claim of inadequate medical treatment while in county jail is evaluated under standard of "deliberate indifference to serious medical needs").

In the present case, plaintiff alleges no denial of his medication for any significant period, but instead contends he should not have to pay for medications vital to his well being. This is insufficient to state a claim of constitutional significance for the purpose of seeking relief under 42 U.S.C. 1983.  Absent a showing the prisoner is unable to pay a nominal co-payment or fee, the constitution does not require basic medical care to be provided to a prisoner at no cost. *See e.g.* <u>Reynolds v. Wagner</u>, 128 F.3d 166, 175 (3rd. Cir. 1997)(deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure in medical-care decisions made by most non-prisoners in our society).  *See also* <u>Collins v. Romer</u>, 962 F.2d 1508, 1514 (10th Cir. 1992)(affirming district court finding that statute with no exceptions to co-payment requirement would be unconstitutional because it would deprive an inmate of meaningful access to medical care); <u>Johnson v. Department of Public Safety and Correctional Services</u>, 885 F.Supp. 817, 820 (D.Md. 1995)(co-pay policy mandating that no one shall be refused treatment for an inability to pay does not result in denial of care and is constitutional).

The court thus concludes the complaint should be dismissed as stating no claim for relief.  *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the

action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff's motion for relief (Doc. 3) is denied, and that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 8th day of November 2005 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge